UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BOBBY TATE BOWMAN,  )<br>  )<br>   Plaintiff,  )<br>  )<br>V.  )<br>  )<br>WYETH, LLC, and  )<br>WYETH PHARMACEUTICALS INC.,  )<br>  )<br>   Defendants.  ) | Civil No. 12-190-GFVT<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the parties' responses to the Court's Show Cause Order [R. 92] to explain the inactivity in this case. The parties each responded, and in light of their responses, the Court will CONSTRUE the Defendants' response [R. 95] as a Motion to Dismiss for Failure to Prosecute. For the reasons explained below, that motion will be DENIED.

**I**

Plaintiff Bobby Tate Bowman originally filed this action in the United States District Court for the District of Minnesota in May 2010, against Defendants Wyeth LLC and Wyeth Pharmaceuticals, Inc. (collectively "Wyeth") and Defendant Teva Pharmaceuticals USA, Inc. (Teva). [R. 1.] Bowman alleged injuries from his use of the prescription medication Reglan and/or its generic equivalent metoclopramide, which was manufactured by Defendants. [*Id.*] The Minnesota District Court stayed the action on February 24, 2011, pending the United States Supreme Court's decision in two related cases involving many of the same claims and defenses as in the present case. [R. 93 at 1-2; 95 at 2.] The stay was lifted on November 28, 2011, and, in accordance with the Supreme Court's ruling in a related case Defendant Teva filed a motion for

judgment on the pleadings. [*Id.*] The Minnesota court granted that motion and dismissed Bowman's claims against Teva only.[1] [R. 55.] The parties then filed a joint stipulation to transfer the case to the Eastern District of Kentucky, and the case was transferred to this Court on September 7, 2012. [R. 64.] Since that time, the parties have only filed several motions for attorneys to appear *pro hac vice*, and between November 2012 and April 2015 no activity occurred in this case at all. Accordingly, the Court issued a show cause order requesting that the parties explain why the case should not be dismissed for failure to prosecute. [R. 92.] The parties each timely responded, and in their response Defendants requested that the case be dismissed for failure to prosecute due to the lack of activity for over two years. [R. 95.]

**II**

If a plaintiff fails to prosecute the case or comply with court rules, the defendant may request that the court dismiss an action, or the court may dismiss the action on its own motion. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). When determining whether to dismiss an action for failure to prosecute, a district court must consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Under the first factor, to rise to the level of willfulness, bad faith, or fault, the plaintiff's conduct "must display an intent to thwart judicial proceedings or a reckless disregard for the

---

[1] Although final judgment under Fed. R. Civ. P. 54(b) was not entered, Teva was terminated as a defendant in the present case on May 29, 2012.

2

effect of [his] conduct on those proceedings." *Wu*, 420 F.3d at 643 (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)) (internal quotation marks omitted).  Here, the Court has not been presented with evidence that Bowman acted in bad faith.  Wyeth contends that Bowman's two-and-a-half year period of inactivity in this case shows at least "willfulness and fault in that he was at best extremely dilatory in not pursuing his claim," which indicates an "intention to allow his case to lapse." [R. 95 at 3 (quoting *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011).]  The Court finds, however, that Bowman has adequately explained the reason for the inactivity.

In particular, the parties do not dispute that this case is only one of numerous, even thousands, of similar Reglan/metoclopramide cases pending around the country, and discovery in many of these cases has been coordinated for purposes of judicial economy.  Bowman alleges, and Wyeth does not deny, that the primary consolidation case is currently being litigated in the Philadelphia Court of Common Pleas. [R. 93 at 3.]  In that proceeding, some discovery related to the instant case has already taken place, but further discovery has been stayed pending the outcome of Wyeth's appeals of three orders issued by that court. [*Id*.]  After those orders were upheld by the Pennsylvania Superior Court and the Pennsylvania Supreme Court, they were appealed to the United States Supreme Court, which denied certiorari in one case in March, 2015 and denied certiorari in the second petition in early May 2015. [R. 96 at 3.]  Presently, there is only one remaining certiorari petition left to be decided. [*Id*.]  Bowman alleges that these petitions may directly decide numerous issues in this case, including remaining issues of federal preemption, and Wyeth has not presented evidence to the contrary. [*Id*.; R. 96.]

Moreover, Bowman states that the reason for inactivity in the present case was because the April 13, 2012 Order staying the cases in the Philadelphia Court states that "all discovery and other proceedings" in that litigation would be stayed "until further notice," and also stated that the Order applied to all related cases pending against Wyeth. [R. 96 at 1-2.] Bowman's understanding of that Order is at least a plausible reason for his inactivity that appears to fall short of willfulness or reckless disregard for court proceedings. Bowman also states, and Wyeth does not dispute, that the only reason he did not formally request a stay of the instant proceedings before now was his belief that the parties were in agreement on this issue. [*Id*. at 2.] Additionally, if Wyeth had been concerned about this delay, Wyeth could have filed a Rule 41(b) motion to dismiss or some other request for a status conference before now.

Other examples of the type of willful and reckless behavior warranting dismissal are not applicable here either. For example, Bowman's counsel has not failed to appear, has not missed deadlines, and has not failed to file any required documents. *See, e.g., Mulbah v. Detroit Bd. Of Educ*., 261 F.3d 586, 592 (6th Cir. 2001) (finding that attorney's failure to appear was egregious behavior far worse than "mere dilatory conduct" related to filing a document); *Kovacic*, 433 F. App'x at 381 (finding counsel's conduct "extremely dilatory" and indicating "both fault and willfulness" when he "consciously chose not to" file certain documents, could not articulate any reason for his failure to file required documents, and repeatedly missed deadlines even after the court initiated a remedial conference). Thus, the Court does not find that Bowman's conduct in this situation arises to the level of willfulness and bad faith required for a Rule 41(b) dismissal.

Concerning the second factor, Wyeth claims it has been prejudiced by Bowman's delay because the inactivity in the case has "prevented" Wyeth from collecting complete medical

records necessary to its defense, and because Wyeth fears that many medical providers may not retain those records for more than seven years. [R. 95 at 4.] Bowman, however, claims that he already has produced all medical records in his possession in response to the Defendants' discovery requests and has identified all his medical and insurance providers. Additionally, Bowman states that further discovery has not proceeded because "all of the parties were operating under the same belief – that discovery in all Reglan/metoclopramide cases was on hold until the PCCP litigation resumed." [R. 96 at 2.] A defendant suffers prejudice from a plaintiff's delay where the defendant is forced to "waste time, money, and effort in pursuit of cooperation" with the plaintiff when the plaintiff refuses to provide what he is legally obligated to provide. *See Kovacic*, 433 F. App'x at 381 (quoting *Harmon v. CSX Transp., Inc*., 110 F.3d 364, 368 (6th Cir. 1997)). Here, the record does not show that Wyeth has unsuccessfully attempted to seek cooperation from Bowman or expended any effort at all on discovery issues during the past two years. Because there has been no activity on the part of *either* party, it does not appear that Wyeth has wasted time, money, or effort in pursuit of cooperation in the instant case. If Wyeth were suffering prejudice concerning discovery issues, Wyeth could have more actively sought redress of some sort long before now. Moreover, Bowman alleges, and Wyeth does not dispute, that Bowman has produced all records in response to discovery requests, and neither party indicates that Bowman has not been fully cooperative. Thus, the Court finds no prejudice to Wyeth in this matter such that the drastic remedy of dismissal should be imposed.

      Third, the Court's show cause order sufficiently put Bowman on notice about his conduct, and Bowman adequately responded by explaining the reason for the inactivity and

requesting a stay. Finally, the Court has considered less drastic measures as required and finds that a stay is more appropriate than a dismissal in this case.

### III

Accordingly, and the Court being sufficiently advised, it is hereby ORDERED as follows:

1. The parties' responses [R. 93, 94, and 95] are deemed sufficient to discharge the requirements of the Court's Show Cause Order [R. 92];

2. The response filed by Defendants Wyeth LLC and Wyeth Pharmaceuticals Inc. [R. 95] SHALL BE CONSTRUED as a Motion to Dismiss for Failure to Prosecute;

3. The Defendants' Motion to Dismiss [**R. 95**] is **DENIED**;

4. Plaintiff's response [R. 93] SHALL BE CONSTRUED as a Motion to Stay;

5. Consistent with the Court's rulings above, and in the interests of judicial economy, the Plaintiff's request for a stay [**R. 93**] is **GRANTED**, and **this case SHALL BE STAYED** until the United States Supreme Court issues its ruling on the final certiorari petition discussed above; and

6. Within **thirty (30) days** after the United States Supreme Court rules on the last certiorari petition, the parties **SHALL submit a joint status report** to the Court advising of how they intend to proceed with this case and whether a status conference to discuss future scheduling is necessary.

This 15th day of June, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge