UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

ELECTRONICALLY FILED

| | |
|---|---|
| BOBBY TATE BOWMAN )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>WYETH LLC and WYETH )<br>PHARMACEUTICALS, INC. )<br>)<br>Defendants )<br>) | CIVIL ACTION NO. 6:12-CV-190-GFVT |

**JOINT STATUS REPORT**

Pursuant to the Court's orders of June 15, 2015 [DN 97] and July 13, 2015 [DN 99], Plaintiff, Bobby Tate Bowman, and Defendants, Wyeth LLC and Wyeth Pharmaceuticals Inc., by counsel, submit the following joint status report:

1. This action was commenced on May 3, 2010 in the United States District Court, District of Minnesota, by Plaintiff Bobby Tate Bowman against Wyeth LLC, Wyeth Pharmaceuticals Inc. and Teva Pharmaceuticals USA, Inc.

2. In this action, Plaintiff alleges that he developed tardive dyskinesia and other injuries as a result of his ingestion of generic metoclopramide.

3. While the matter was pending in the U.S. District Court, District of Minnesota, the district court entered a preliminary scheduling order and the parties engaged in preliminary written discovery. No deposition discovery was taken.

4. On February 24, 2011, the U.S. District Court, District of Minnesota, stayed all proceedings pending the United States Supreme Court's decision in the consolidated cases of *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010) and *Mensing v. Wyeth, Inc.*, 588 F.3d 603 (8th Cir. 2009).

5. On June 23, 2011, the United States Supreme Court issued its decision in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). Subsequently, the Eighth Circuit addressed certain motions by the parties regarding the effect of the Supreme Court's mandate. The stay of this matter was lifted on November 28, 2011, following the conclusion of subsequent Eighth Circuit proceedings.

6. On January 3, 2012, Defendant Teva Pharmaceuticals USA, Inc. filed a Motion for Judgment on the Pleadings, seeking dismissal of Plaintiff's claims in accordance with the Supreme Court's holding in *Mensing* that state-law tort claims based on any alleged failure to warn of the purported risks of generic medications are preempted by federal law and upon the Eighth Circuit's affirmance of the Minnesota district court's dismissal of all claims against the generic manufacturers of metoclopramide. *See Mensing*, 131 S. Ct. 2567 and *Mensing v. Wyeth, Inc.*, 658 F.3d 867 (8th Cir. 2011), *aff'g* 562 F. Supp. 2d 1056 (D. Minn. 2008).

7. On March 3, 2012, the Court entered its Order granting Teva's Motion for Judgment on the Pleadings, and dismissing Plaintiff's Complaint against Teva. The Court did not, however, enter a final judgment dismissing Teva from this case.

8. On August 31, 2012, the parties filed a Joint Stipulation to Transfer Case to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a) and the case was transferred to this Court on September 7, 2012.

9. This case is one of thousands of Reglan/metoclopramide cases pending around the country and certain discovery and depositions have been coordinated with numerous, ongoing pending cases.

10. At this point, certain discovery has already been completed in the global Reglan/metoclopramide litigation relating to Defendants which is applicable to this case. However, discovery and depositions were stayed in key consolidated proceedings in the Philadelphia Court of Common Pleas (PCCP) pending the outcome of appeals that were recently addressed by the United States Supreme Court.

11. Because of the stay, virtually no activity has taken place since this matter was transferred in September 2012. Therefore, fact and expert discovery will need to be conducted. Before the parties can engage in deposition discovery, Defendants will need the opportunity to request records from at least thirteen (13) providers and request updated records from at least seventeen (17) additional providers. Additionally, Defendants will need to propound updated discovery and obtain updated authorizations to collect records.

12. The parties have met and conferred and will work towards preparing a proposed scheduling order to prepare this matter for trial. Further, the parties will work to coordinate certain discovery with the PCCP and perhaps other Reglan/metoclopramide proceedings as well.

13. The parties also agree that a status conference to discuss scheduling and other matters would be beneficial.

Respectfully submitted,

/s/ Richard H. C. Clay
Richard H. C. Clay
J. Tanner Watkins
Dinsmore & Shohl, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 581-8000
richard.clay@dinsmore.com
tanner.watkins@dinsmore.com
*Counsel for Defendants Wyeth LLC and Wyeth Pharmaceuticals Inc.*

/s/ C. Andrew Childers    (w/ permission)
C. Andrew Childers
William A. Parker, Jr.
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road, N.E.
Atlanta, Georgia  30319
(404) 419-9500
achilders@cssfirm.com
bparker@cssfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on July 29, 2015. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

C. Andrew Childers
William A. Parker , Jr.
Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Road
Suite 100
Atlanta, GA 30319
404-419-9500

Lawrence L. Jones , II
Jones Ward PLC
312 S Fourth St
Marion E Taylor Bldg 6th Flr
Louisville, KY 40202
502-882-6000
Fax: 502-587-2007

Michael K Johnson
Lucia J.W. McLaren
Johnson Becker PLLC
33 S. Sixth Street
Suite 4530
Minneapolis, MN 55402
612-436-1808
Fax: 612-436-1801

/s/ Richard H. C. Clay
*Counsel for Defendants Wyeth LLC and Wyeth Pharmaceuticals Inc.*