UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

ELECTRONICALLY FILED

| | |
|---|---|
| **BOBBY TATE BOWMAN** )<br>)<br>Plaintiff ) <br>) <br>vs. ) <br>) <br>**WYETH LLC and WYETH** ) <br>**PHARMACEUTICALS INC.** ) <br>) <br>Defendants ) <br>_____ ) | CIVIL ACTION NO. 6:12-CV-190-GFVT |

### AMENDED REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Defendants Wyeth LLC and Wyeth Pharmaceuticals Inc. hereby submit the following amended report outlining the parties' proposed discovery plan:

1. **Conference**: On September 10, 2015, C. Andrew Childers, on behalf of Plaintiff, Bobby Tate Bowman, and J. Tanner Watkins, on behalf of Defendants, Wyeth LLC and Wyeth Pharmaceuticals Inc., conducted their Rule 26(f) meeting via email.

2. **Initial Disclosures**: With regard to the disclosures required under Rule 26(a)(1), the parties agree to serve their initial disclosures on or before September 30, 2015.

3. **Discovery Plan**: The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on these subjects:

1

      i. The cause of the Plaintiff's alleged injuries; and

      ii. The damages, if any, Plaintiff sustained as a result of his alleged injuries.

b. The parties have agreed to a procedure regarding the handling of privileged information or documents protected by the attorney client privilege and/or work product doctrine that are inadvertently produced, as follows:

    The parties agree that the inadvertent production of documents or information shall not, in and of itself, waive any privilege that would otherwise attach to the documents or information produced. Promptly upon learning of the inadvertent production, the producing party shall give opposing counsel notice of the claimed inadvertent production. A party receiving documents is under a good-faith obligation to promptly alert the producing party if a document appears on its face or in light of facts known to the receiving party to be privileged. Once an inadvertently produced document has been identified, the receiving party must promptly return, or sequester the specified information and may not use or disclose the information until the privilege claim is resolved. Upon resolution of an inadvertent production claim in favor of the producing party, the originally produced documents and all copies shall be returned to the producing party.

c. **Dates for completing discovery.**

      i. Fact discovery shall be allowed after the parties' Rule 26 planning meeting and shall be commenced in time to be completed by July 1,

2016. The parties agree to coordinate certain discovery with Reglan/metoclopramide proceedings pending in the Philadelphia Court of Common Pleas to the extent practicable (and perhaps other Reglan/metoclopramide proceedings as well).

1. **Interrogatories.** The number of interrogatories should be limited as provided in Fed. R. Civ. P. 33(a)(1).

2. **Requests for Admission.** Consistent with Fed. R. Civ. P. 36, the parties are placing no limits on requests for admission at this time.

3. **Requests for Production of Documents.** Consistent with Fed. R. Civ. P. 34, the parties are placing no limits on requests for admission at this time.

4. **Number of Depositions.** The parties are not able to agree on the number of depositions. The parties' respective positions are as follows:

    Plaintiff: The number of the depositions should be limited as provided in Fed. R. Civ. P. 30(a).

    Defendants: Based upon Plaintiff's discovery responses in which he disclosed fifteen (15) individuals with knowledge of the facts supporting his claims, and the likelihood that additional witnesses will be identified as this complex case proceeds, Wyeth anticipates that the parties will need to take

more than the ten depositions contemplated by Fed. R. Civ. P. 30(a). Therefore, the number of depositions should not be limited at this time. The parties may subsequently agree to a specified limit as discovery proceeds and the number of potential witnesses is more easily ascertainable.

5. **Length of Depositions.** The length of the depositions should be limited as provided in Fed. R. Civ. P. 30(d).

6. **Experts Disclosures and Discovery.** Plaintiff should submit expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) on or before August 1, 2016. Defendants should submit expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) on or before October 3, 2016. Discovery concerning experts should be completed by December 16, 2016.

7. **Supplementation of Discovery.** Supplementation of discovery pursuant to Fed. R. Civ. P. 26(e)(1) shall be made on or before February 1, 2017.

4. **Other Items**:

   a. The parties do not request a conference with the Court before entry of a scheduling order.

   b. The parties shall amend pleadings or join additional parties by February 3, 2016.

4

  c. The parties request a pretrial conference thirty (30) days prior to trial or at the Court's convenience.

  d. Plaintiff shall submit an itemized list of all damages by February 28, 2017.

  e. All *Daubert* and dispositive motions shall be filed by March 31, 2017.

  f. The parties will evaluate their claims and defenses, as well as the possibility of settlement, as appropriate. If the parties determine that mediation will be fruitful at any juncture, the parties will engage a private mediator or request a settlement conference with the Court.

  g. Final lists of witnesses, deposition designations, and exhibits under Rule 26(a)(3), jury instructions and *voir dire* questions should be due from the parties thirty (30) days prior to the pretrial conference. The parties should have fourteen (14) days after service of lists of witnesses, deposition designations, and exhibits to list objections under Rule 26(a)(3). If any witness is listed whose identity has not been previously disclosed, the opposing party shall have the right to depose said witness prior to trial without leave of court.

  h. Motions *in limine* shall be filed fifteen (15) days prior to the pretrial conference.

  i. This case should be ready for trial in the Summer of 2017, and should take approximately ten days. Plaintiff has requested a jury trial.

j. All discovery shall be subject to the limitations, requirements, and deadlines set forth in the Federal Rules of Civil Procedure, local rules for this District, and/or standing orders issued by this Court, without prejudice to any party's ability to seek agreement from the other party or leave of Court for relief from such limitations, requirements, or deadlines.

k. At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

Dated: October 2, 2015.

Respectfully submitted,

/s/ J. Tanner Watkins
Richard H. C. Clay
J. Tanner Watkins
Dinsmore & Shohl, LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 581-8000
richard.clay@dinsmore.com
tanner.watkins@dinsmore.com
*Counsel for Defendants Wyeth LLC
and Wyeth Pharmaceuticals Inc.*